IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BMO HARRIS BANK N.A.,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 23-00260-KD-MU ) |
| **SOUTHERN EXPRESS LLC,** | ) ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Motion for Default Judgment (Doc. 12), and the Declaration in Support (Doc. 12-1, p. 1-2), Certificate in Support (Doc. 12-2, p. 2-4), Loan and Security Agreement (Doc. 12-2, p. 6-11) and calculation of damages (Doc. 12-2, p. 13), filed by Plaintiff BMO Harris Bank N.A. (Doc. 12). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED. Default Judgment shall be entered by separate order as required by Rule 58(a) of the Federal Rules of Civil Procedure.

I. Background

In May 2022, Southern entered into a Loan and Security Agreement with BMO Harris Bank N.A. (BHB) in the total amount of $187,660.50 for the purchase of a Peterbilt Tractor (the "Equipment") (See Doc. 1-1, Exhibit A to the Complaint). Southern agreed to make minimum monthly payments in the amount of $3,753.21, beginning on or about July 1, 2022, for a term of fifty (50) months. The Agreement was signed by Douglas Presley as the Managing Member.

Pursuant to Paragraph 5.1 of the Agreement, entitled "Events of Default," Southern, as the Debtor, would be in default under the Loan if it failed to pay when due any amount owed by it to BHB under the Agreement. Pursuant to Paragraph 5.2 of the Agreement, entitled

"Remedies," upon default by Southern, BHB may "at its option, with or without notice to Debtor (i) declare this Agreement to be in default, (ii) declare the indebtedness hereunder to be immediately due and payable." (Doc. 1-1, p. 4).  On or about February 1, 2023, Southern defaulted under the terms of the Agreement by failing to make the minimum monthly payment.

On July 12, 2023, BHB filed a complaint for breach of contract[1] seeking to recover damages in the amount of $145,701.20, as the then balance due to BHB upon Southern's default, plus interest, reasonable attorney's fees and costs, and other relief (Doc. 1). That same day, the summons issued as to Southern (Doc. 5).[2]  On August 4, 2023, the summons was returned executed upon Kellie Presley, the Registered Agent for Southern[3] (Doc. 9, Return of Service by Private Process Server).

Southern's answer was due on August 10, 2023.  Southern did not answer or otherwise appear in this action.  On August 14, 2023, BHB filed a Motion for Entry of Default and default was entered on August 15, 2023 (Docs. 10, 11).  A copy of the Clerk's Entry of Default was mailed to Southern at the address listed on the summons.  On August 23, 2023, BHB filed a Motion for Default Judgment and supporting documents (Doc. 12).  The Certificate of Service indicates that a copy of these documents and a proposed order were sent to Southern at its

---

[1] The complaint is captioned "Complaint for Breach of Contract and Replevin" (Doc. 1). However, "replevin" is not plead in Count I (Id., p. 3) and no action has been taken to recover possession of the Equipment.  Thus, inclusion of the phrase "and Replevin" in the caption appears to have been in error.

[2] The address on the summons and the Certificates of Service is the same as the address for Southern's principal place of business and location where the equipment will be kept on the Loan and Security Agreement (Doc. 1-1, p. 7, signature page).

[3] Kellie B. Presley is identified as the Registered Agent on the Alabama Secretary of State website.  https://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=000344515&page=name&file=&type=ALL&status=ALL&place=ALL&city=.

address of record on August 23, 2023 (doc. 12-3).  To date, Southern has not filed a response to the Motion or otherwise appeared in this action.

    II. Jurisdiction

    A. Subject matter jurisdiction and venue

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  BHB is a citizen of Illinois.  BHB is a national bank association with its principal place of business in Chicago, Illinois.  Southern is a citizen of Alabama. Southern is a limited liability company with two members: Douglas and Kellie Presley. The Presley's reside in Toxey, Alabama and are citizens of Alabama.  The amount in controversy exceeds $75,000.00.  Specifically, the balance due of $145,701.20 for the purchase of a Peterbilt Tractor. (Doc. 1).

The Choice of Venue provision in the Agreement states generally that legal actions shall be brought in the state or federal courts in Cook County, Illinois (Doc. 12-2, p. 9).  However, BHB was not restricted from commencing a proceeding in the federal or state courts in the state where the equipment was located (Doc. 12-2, p. 9). Additionally, venue is proper in the Southern District of Alabama. See 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

    B. Personal jurisdiction

Pursuant to Rule 4(h), "[u]nless federal law provide otherwise ... a domestic ... corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served (1) in a judicial district of the United States: ... (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]".  Fed. R. Civ.

P. 4(h)(1)(B).  Also, "[u]nless service is waived, proof of service must be made to the court" and absent service by the U.S. Marshal or a deputy marshal, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

The summons and complaint were personally served on Kellie Presley, identified as the Registered Agent for Southern, in Toxey, Alabama, which is in this judicial district (doc. 9).  The private process server filed a declaration under penalty of perjury as to the time and place of service and the person served (Id.).  The requirements for service have been met.  Therefore, the Court has personal jurisdiction over Southern.

### III. Standard of review

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment may be entered "[w]hen a defendant has failed to plead or defend[.]" Fed. R. Civ. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

However, the Court of Appeals for the Eleventh Circuit has a "strong policy of determining cases on their merits"; therefore, default judgments are generally disfavored. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1244-45 (11th Cir. 2015). The Eleventh Circuit has held that even though "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of the law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The Eleventh Circuit has explained that entry of a default judgment is warranted only if there is a sufficient basis in the pleadings for judgment to be entered and "interpreted [this] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. In that regard, a well-pleaded complaint does not need detailed factual allegations but must provide the grounds for entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Thus, the complaint must include more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

Therefore, Southern is deemed to admit all well-pleaded allegations of fact but not to admit facts not well-pleaded or to admit conclusions of law. U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin, 754 Fed. Appx. 843, 845 (11th Cir. 2018) (citing Surtain, 789 F.3d at 1245). Overall, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC, 218 Fed. Appx. at 863.

IV. Analysis

BHB provides the Declaration of its counsel, made under penalty of perjury, that Southern was served but failed to plead or otherwise defend the action (Doc. 12-1, p. 1-2). BHB also provides the Certificate of its Litigation Specialist, made under penalty of perjury and upon his personal knowledge and access to the records of BHB (Doc. 12-1, p. 2-4). The Litigation Specialist certified the existence of the Loan and Security Agreement, the terms and provisions therein, Southern's default in payment on or about February 1, 2023, and the balance due of $145,769.66 including the overdue payments, late charges, fees, and liquidated damages. In

support, the Litigation Specialist attached a copy of the Loan Damages Calculator to the Certificate (Doc. 12-2, p. 13). The Calculation showed that the principal balance due was $136,922.32, plus unpaid interest and fees in the amount of $8,847.34, for a total of $145,769.66.

The Agreement contains a governing law provision stating that "all credit or other financial accommodations extended by Lender under this Agreement shall be deemed extended from and subject to the laws of the State of Illinois (without regard to the conflicts of law principles of such State) regardless of the location of Debtor or any of the Equipment." (Doc. 1-1, p. 5).  To establish a claim for breach of contract under Illinois law, BHB must establish "(1) the existence of a valid and enforceable contract, (2) [BHB's] substantial performance under the contract, (3) [Southern's] breach of that contract, and (4) damages resulting from the alleged breach of contract. F.E. Moran, Inc. v. Johnson Controls, Inc., No. 22-CV-06421, 2023 WL 6519975, at *11 (N.D. Ill. Oct. 5, 2023) (bracketed text added) (citing Swyear v. Fare Foods Corp., 911 F.3d 874, 886 (7th Cir. 2018)); See also Finch v. Illinois Community College Board, 315 Ill. App. 3d 831, 836 (2000).

BHB's well-pleaded allegations of fact, supported by the Declaration and Certificate, establish that Southern entered into a valid and enforceable Agreement with BHB, Southern began paying according to the terms of the Loan, but then defaulted by failing to make the monthly minimum payment for February 2023.  Also, BHB substantially performed under the Agreement by providing the financing for Southern to purchase the Equipment.  BHB's well-pleaded allegations of fact, supported by the Declaration, Certificate, and Loan Damages Calculation, establish that damages resulted from the breach and the amount of those damages. Thus, the Court has ensured that "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action" for breach of contract, and

that there is a "substantive, sufficient basis" for the relief sought by BHB. Tyco Fire & Sec., LLC, 218 Fed. Appx. at 863. Accordingly, default judgment is due to be entered in favor of BHB.

The Court finds that a hearing is not necessary. Pursuant to Fed. R. Civ. P. 55(b)(2), the "court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Here, the truth of the allegations of default and the amount of damages can be determined from the provisions of the Loan and Security Agreement (Doc. 12-2, p. 1), the uncontested Declaration made under penalty of perjury (Doc. 12-1, p. 1-2), the uncontested Certificate made under penalty of perjury (Id., p. 2-4), and the calculation in the Loan Damage Calculator spreadsheet showing the balance due (Doc. 12-2, p. 13).

V. Conclusion

For the reasons set forth herein, default judgment is entered in favor of BHB as to its claim for breach of contract. Damages are awarded in the total amount of $145,769.66.

Judgment shall be entered by separate document as required by Rule 58(a) of the Federal Rules of Civil Procedure.

DONE and ORDERED this the 17th day of October 2023.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE